PER CURIAM.
Donald Holderfíeld appeals the July 10, 2000, decision of the United States Court of Appeals for Veterans Claims, No. 98-1662, affirming the Board of Veterans’ Appeals (“Board”) denial of his clear and unmistakable error claim. Because the Court of Appeals for Veterans Claims decision did not “rely on” any interpretation of the cited statute, we dismiss for lack of jurisdiction.
BACKGROUND
Holderfíeld served on active duty in the U.S. Army from June 1968 to June 1983. In November 1983, the Department of Veterans Affairs Regional Office (“VARO”) received Holderfield’s claim for service-connection for several mental illnesses, including post-traumatic stress disorder (“PTSD”). On November 20, 1984, the VARO denied service-connection for PTSD, but granted it for depression, rated at 50%. Holderfíeld did not appeal.
In July 1995, almost eleven years later, Holderfíeld filed a claim alleging that the denial of service-connection for PTSD was the product of clear and unmistakable error. In February 1998, following a remand by the Board of Veterans’ Appeals, the VARO determined that there was no clear and unmistakable error in the November 20, 1984, decision. On July 29, 1998, the Board denied Holderfield’s clear and unmistakable error claim on the merits. Holderfíeld appealed to the Court of Appeals for Veterans Claims.
On July 10, 2000, the Court of Appeals for Veterans Claims affirmed the Board’s decision that a clear and unmistakable error claim must establish not merely a disagreement with how conflicting evidence is weighed or evaluated, but also an obvious and fateful misunderstanding about which reasonable people could not disagree. Holderfíeld timely appealed.
DISCUSSION
Aside from constitutional claims, this court may only review decisions of the Court of Appeals for Veterans Claims that rely on the challenged validity or any interpretation of statute or regulation. 38 U.S.C. § 7292(a). In reviewing these decisions, this court must decide all relevant questions of law, including the interpretation of constitutional, statutory, and regulatory provisions; and, it must set aside any statute, regulation, or interpretation thereof, that was relied upon by the Court of Appeals for Veterans Claims if we find it to be not in accordance with law. 38 U.S.C. § 7292(d)(1). This court reviews questions of statutory interpretation de novo. Smith v. Brown, 35 F.3d 1516, 1516 (Fed.Cir.1994). But unless an appeal presents a constitutional issue, this court may not review a challenge to a factual determination or to the application of a law or regulation to the facts of a particular case. 38 U.S.C. § 7292(d)(2).
The sole contention presented here is that in denying Holderfield’s appeal, the Court of Appeals for Veterans Claims first implicitly imposed and then relied upon a “strict-pleading requirement,” which Holderfíeld asserts reflects an incorrect interpretation of 38 U.S.C. § 5109A(e). Contrary to Holderfield’s assertions, however, the Court of Appeals for Veterans Claims did not rely upon the challenged validity or interpretation of the statute. Indeed, the language of 38 U.S.C. § 5109A(e) is neither quoted nor discussed anywhere in the Court of Appeals for Veterans Claims opinion. The opinion merely mentions the statute once, and then only in a “see also” *868 cite, without discussion. Holderfield v. West, No. 98-1662, 2000 WL 1141440 at *4 (Ct.Vet.App. July 10, 2000) (unpublished).
Moreover, the Court of Appeals for Veterans Claims explicitly held that “Holder-field’s arguments for CUE [sic] are based on how the evidence was weighed, and such arguments cannot support a basis for CUE [sic].” Id. at *4. Stated another way, the court made clear that it was simply affirming the Board’s clear and unmistakable error decision, because the Board had “applied well-established clear and unmistakable error standards in its determination.” Id. (emphasis added). The Court of Appeals for Veterans Claims further found that Holderfield’s clear and unmistakable error arguments turned merely on how conflicts in the evidence were resolved by the VARO and Board, and that these arguments did not establish clear and unmistakable error. Id. at *6. There is no doubt this was a ruling on the merits by the Court of Appeals for Veterans Claims that involved no reliance on an interpretation of any statute.
Because the Court of Appeals for Veterans Claims merely applied the statute to the evidence, its decision presents an issue beyond our jurisdiction. Therefore, we cannot address the issue and must dismiss the appeal. See 38 U.S.C. § 7292(d)(2).